UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| | : 03 Civ. 8478 (SCR) |
| LUZ C. PIZARRO, | : |
| Plaintiff, | : MEMORANDUM |
| | : DECISION AND ORDER |
| v. | : |
| | : |
| MY SISTER'S PLACE, | : |
| Defendant. | : |
| | : |

STEPHEN C. ROBINSON, District Judge:

The Plaintiff in this case claims employment discrimination pursuant to the ADA for

actions taken by the Defendant. The Plaintiff properly filed charges with both the New York

State Division of Human Rights and the Equal Employment Opportunity Commission. Both

entities denied her charges with the EEOC adopting the findings of the State Division of Human

Rights. Although the Plaintiff received a right to sue letter from the EEOC informing her she

must file a lawsuit within 90 days of receipt of the notice, the Plaintiff failed to do so. Her

complaint, therefore, is found to be time-barred.


I.      **Background**

Luz C. Pizarro (the "Plaintiff") brings an action for employment discrimination pursuant

to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, as amended (the

"ADA"). The Plaintiff resides in the Bronx, New York. The Plaintiff was employed by My

Sister's Place (the "Defendant"), located in White Plains, New York, as a counselor advocate.

The Plaintiff alleges discriminatory conduct on the part of the Defendant including the

Defendant such as the failure to accommodate her disability, unequal terms and conditions of her

employment, the pressure to do tasks which aggravated her health and caused work absences, and the termination of her employment.

The Plaintiff filed a charge with the New York State Division of Human Rights (the "NYSDHR") on March 29, 2000. It was also filed with the Equal Employment Opportunity Commission (the "EEOC"). The State Division found that there was no probable cause to believe that the Defendant, at that time the Respondent, has engaged in or is engaging in the unlawful discriminatory practice complained of. The State Division, therefore, dismissed the complaint. In its investigation, the EEOC adopted the State Division's findings and gave the Plaintiff a right to sue notice. The Plaintiff filed the instant suit on October 28, 2003. The Defendant answered the complaint and then filed a motion for summary judgment on the basis of the complaint being time-barred.

## II.      Standard of Review

Because the parties and the Court refer to materials outside of the pleadings, the motion decided under the summary judgment standard of review. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *White v. ABCO Cent't Corp.*, 221 F.3d 293, 300 (2d Cir. 2000); FED. R. CIV. P. 56(c). The moving party must show the absence of any issues of material fact. *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997).

**III.     Discussion**

The question is whether the Plaintiff's complaint is time-barred and, therefore, must be

dismissed.  Following the determination by the NYSDHR on her charge, the EEOC adopted the

findings of the NYSDHR and dismissed the Plaintiff's complaint.  The EEOC sent the Plaintiff a

right to sue letter.  The letter is signed by Spencer H. Lewis, District Director, of the EEOC and

beside the signature is a "date mailed"—June 13, 2003.  The letter informed the Plaintiff of the

statutory requirement[1] that any "lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this

Notice; or your right to sue based on this charge will be lost."  (Emphasis in original.)  The

Defendant claims that the Plaintiff filed her complaint in February of 2004.  This is incorrect.

The docket in this case shows that the Plaintiff filed her complaint on October 28, 2003.

That said, the Defendant is correct, however, that the Plaintiff filed her complaint after

the 90-day period had passed.  The letter was mailed on June 13, 2003, and presumably received

by the Plaintiff on June 16, 2003.  A presumption exists that a letter is received three days after

its mailing.  *See, e.g.*, *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n.1. (citing

FED. R. CIV. P. 6(e) ("Whenever a party has the right or is required to do some act or take some

proceedings within a prescribed period after the service of a notice or other paper upon the party

and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed

period.")).  The presumption, however, is rebuttable.  For example, if a claimant presents sworn

testimony or other admissible evidence from which it could reasonably be inferred either that the

notice was mailed later than its typewritten date or that it took longer than three days to reach her

by mail, the initial presumption is not dispositive.  *See, e.g.*, *Smith v. Local Union 28 Sheet Metal*

*Workers*, 877 F. Supp. 165, 172 (S.D.N.Y. 1995) (determining date of receipt on basis of

testimonial evidence), *aff'd mem.*, 100 F.3d 943 (2d Cir. 1996).  Here, the Plaintiff does not

---

[1] *See* 42 U.S.C. § 2000e-5 (f)(1).

3

claim that she did not receive the letter or that it took longer than 3 days to reach her nor does she state any other reason why her complaint was filed after the expiration of 90 days.

## IV.     Conclusion

Because the Plaintiff filed her lawsuit after the 90 days after the EEOC letter was sent and received, the complaint is dismissed as time-barred. The Defendant's motion for summary judgment is hereby granted. The Clerk of the Court is instructed to close this case.

IT IS SO ORDERED.

White Plains, New York
Dated: _May 5_____, 2005

Stephen C. Robinson
United States District Judge